846 F.2d 72
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary Allan MEINHARD, Petitioner-Appellant,
v.
E.B. WRIGHT, Warden, Attorney General, Commonwealth of
Virginia, Respondents- Appellees.
 No. 87-7232.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 28, 1988.
Decided April 11, 1988.
 
 Gary Allan Meinhard, appellant pro se.
 Robert Homer Anderson, III, Office of Attorney General, for appellees.
 Before ERVIN, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gary Allan Meinhard, a Virginia inmate, seeks a certificate of probable cause to appeal the judgment of the United States Magistrate dismissing with prejudice, his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254. Meinhard was convicted in 1982 after a bench trial of two counts of robbery, one count of burglary, and one count of use of a firearm in the commission of a felony. In his petition, Meinhard seeks federal habeas relief based upon the following alleged errors:
 
 
 2
 1. The trial court erred when it denied a motion to suppress evidence on grounds that the stop, detention, and arrest of petitioner was without probable cause.
 
 
 3
 2. The trial court erred in denying a motion to suppress in-court and out-of-court identifications of petitioner.
 
 
 4
 3. The indictments were defective because they did not recite that the crimes were committed feloniously.
 
 
 5
 4. The trial court erred by subjecting petitioner to multiple charges arising from a single offense of robbery.
 
 
 6
 5. Petitioner was denied effective assistance of counsel because--
 
 
 7
 (a) counsel failed to challenge the validity of the indictments, and
 
 
 8
 (b) counsel excluded certain possible defenses available to petitioner.
 
 
 9
 6. The trial court improperly allowed inadmissible testimony from the Commonwealth's witnesses.
 
 
 10
 The parties consented to the jurisdiction of the United States Magistrate with appeal directly to this Court. The magistrate considered claims 1 and 2 on their merits and concluded that these claims did not entitle Meinhard to relief. Claims 3, 4, and 6 were dismissed based upon Meinhard's procedural default on these claims in state court. Wainwright v. Sykes, 433 U.S. 72 (1977). We agree with the magistrate's findings and conclusions regarding these claims and dismiss the appeal as to claims 1, 2, 3, 4, and 6 on the reasoning of the magistrate. Meinhard v. Wright, CA No. 87-0220-R (E.D.Va. April 27, 1987; Jun. 12, 1987). We also dismiss the appeal as to claim 5 but for reasons slightly different from those offered by the magistrate.
 
 
 11
 Subsequent to Meinhard's convictions he presented claims 1 and 2 in his petition for appeal to the Supreme Court of Virginia. The appeal was denied. Thereafter Meinhard brought a federal habeas petition raising claims 1, 2, 3, and 6. This petition was dismissed without prejudice because it presented both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). Meinhard then filed a habeas petition in the Supreme Court of Virginia raising claims 1, 3, 4, 5, and 6. The Supreme Court of Virginia dismissed the petition. Subsequently Meinhard brought the petition at hand. The magistrate dismissed claim 5 as an abuse of the writ under Habeas Rule 9(b) based upon Meinhard's failure to present the claim in his first federal petition. Although we note that this dismissal presents the question of whether the abuse of the writ provisions of Rule 9(b) are appropriate for application to a claim in a second pro se federal petition where the first pro se federal petition not containing the claim is dismissed without prejudice under Rose v. Lundy, supra, we need not answer the question in this case. Even had Meinhard's ineffective assistance of counsel claim been considered on the merits he would not have been entitled to habeas relief. In order to prevail on a claim of counsel ineffectiveness the petitioner must show both that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result of the trial would have been different had counsel's errors not occurred. Strickland v. Washington, 466 U.S. 668, 689-694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. We have reviewed the record in this case, including the transcripts and papers relating to Meinhard's state court trial, appeal, and habeas proceedings, in light of this claim. We conclude that the claim is without merit.
 
 
 12
 Accordingly, we deny a certificate of probable cause and dismiss the appeal. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 13
 DISMISSED.